Michael S. Kun (State Bar No. 208684)
William O. Stein (State Bar No. 150124)
Lisa M. Watanabe (State Bar No. 258182)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Facsimile: 310.553.2165
mkun@ebglaw.com
wstein@ebglaw.com
lwatanabe@ebglaw.com

Attorneys for Defendant
AVALONBAY COMMUNITIES, INC.

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 8 2012
4:05
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANA CONCEPCION,

　　　　Plaintiff,

　　vs.

AVALONBAY COMMUNITIES,
INC., a corporation; RANDALL
CARAWAY, an individual; and DOES
1-25, inclusive,

　　　　Defendants.

CASE NO. CV 12 - 6203 - MWF
(Ex)

### NOTICE OF REMOVAL

[Pursuant to 28 U.S.C. §§ 1332 and
1441(a)]

**TO PLAINTIFF DANA CONCEPCION AND HER ATTORNEYS OF
RECORD:**

　　**PLEASE TAKE NOTICE** that Defendant AvalonBay Communities, Inc.
("Defendant" or "AvalonBay") hereby files this Notice of Removal pursuant to 28
U.S.C. § 1332 and § 1441(a), based on diversity jurisdiction, in order to effect the
removal of the above-captioned action from the Superior Court of the State of
California for the County of Los Angeles, and state that removal is proper for the
following reasons:

///

## I.   PLEADINGS, PROCESS AND ORDERS

1.      On or about June 13, 2012, Plaintiff Dana Concepcion ("Plaintiff") commenced the above-entitled action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled <u>Dana Concepcion v. AvalonBay Communities, Inc., a corporation; Randall Caraway, an individual; and Does 1 through 25, inclusive</u>, Case No. EC058728.   The Complaint purports to state causes of action for retaliation, failure to prevent retaliation, discrimination on the bases of race, national origin and ancestry and disability discrimination.

2.      On or around June 20, 2012, Defendant was served with a copy of the Summons, Complaint and various documents.   True and correct copies of the Summons and Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, ADR information, Notice of Order to Show Cause and Notice of Case Management Conference that were served on Defendant are attached to this Notice of Removal as Exhibit "A" and incorporated herein by reference.

3.      On July 17, 2012, Defendant filed its Answer to the Complaint.   A true and correct copy of the Answer is attached hereto as Exhibit "B" and incorporated herein by reference.

4.      The above documents constitute all pleadings, process and orders served on and by Defendant in the state action and are attached in accordance with 28 U.S.C. § 1446(a).

5.      On information and belief, Defendant Randall Caraway ("Caraway") has not been served with the Summons, Complaint or any other documents related to this matter.

## II.   BASIS FOR REMOVAL

6.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a

civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.   Citizenship**

7.   Plaintiff has alleged that she "is, [a]t all times herein mentioned in [the] Complaint was, a resident of Los Angeles County, California." (Complaint, ¶ 1.) Plaintiff, therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California.

8.   AvalonBay, is now, and was at all relevant times, incorporated under the laws of the State of Maryland. AvalonBay's headquarters are located at 671 N. Glebe Road in Arlington, Virginia 22203. AvalonBay's officers work from its headquarters in Virginia and direct, control, and coordinate AvalonBay's activities from the headquarters. Therefore, AvalonBay is a citizen of the States of Maryland and Virginia pursuant to the Supreme Court's holding in Hertz, 130 S.Ct. at 1192.

9.   Defendant is informed and believes that Caraway has not been served with the Complaint, the Summons, or any other documents in this action. Those named as defendants but not served in the state court action need not join the notice of removal. See, e.g., Salveson v. Western States Bankcard Ass 'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("[A] party not served need not be joined; the defendants summonsed can remove by themselves."), superseded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988).

**B.   Fraudulent Joinder**

10.   Caraway must also be disregarded for purposes of diversity because he is a sham defendant, i.e., he cannot be found liable as a matter of law. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff

- 3 -

"could not possibly prevail" on her claim against the resident defendant); <u>Dodson v. Spillada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992) (finding fraudulent joinder of non-diverse defendants where there was "no possibility that [plaintiff] would be able to establish a cause of action against them"); <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), cert. denied, 525 U.S. 963 (1998); <u>see also McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); <u>Lewis v. Time, Inc.</u>, 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

11.     Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. <u>Ritchey</u>, 139 F.3d at 1318 (quoting <u>McCabe</u>, 811 F.2d at 1339 ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

12.     When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." <u>Lewis</u>, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder... federal courts may look beyond the pleadings to determine if the joinder... is a sham or fraudulent device to prevent removal."); <u>McCabe</u>, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

13.     Caraway was fraudulently joined in Plaintiff's Complaint because Plaintiff cannot establish her First Cause of Action for Retaliation and Fourth Cause of Action for Disability Discrimination against him. (Complaint, ¶¶ 21-29,

45-51.)  For the reasons stated herein, Plaintiff's First and Fourth Causes of Action against Caraway fail as a matter of law.

### 1.  Caraway Cannot Be Personally Liable For Plaintiff's Disability Discrimination Claim

14.   Plaintiff has brought a disability discrimination claim under FEHA against Caraway.  As a matter of law, supervisory employees cannot be personally liable for management decisions later alleged to be discriminatory under FEHA. Reno v. Baird, 18 Cal.4th 640, 645-646 (1998); Janken v. GM Hughes Electronics, 46 Cal.App.4th 55, 62 (1996).   Personnel decisions that could give rise to a discrimination claim are an inherent and unavoidable part of the supervisory function.   Thus, only the employer can be liable for discrimination, not the supervisors to whom the employer has delegated the task of making such decisions. Reno, 18 Cal.4th at 645-646.

15.   Here, Plaintiff is seeking to hold Caraway personally liable for the alleged discrimination at the workplace.  Because Caraway cannot be personally liable, the claim may not proceed against him.

### 2.  Caraway Cannot Be Personally Liable For Plaintiff's Retaliation Claim

16.   Plaintiff has also brought a retaliation claim against Caraway. Caraway cannot be personally liable for retaliation under FEHA.  Only employers can be liable for retaliation under FEHA.  Jones v. The Lodge at Torrey Pines Partnership, 42 Cal.4th 1158 (2008).  Thus, Plaintiff's retaliation claim against Caraway fails as a matter of law.

### 3.  Caraway Is A Sham Defendant Because There Can Be No Individual Liability For Managers For Tort Claims Arising From The Course And Scope Of Employment

17.   Plaintiff alleges that she was an employee of Defendant and that Caraway was Defendant's Senior Portfolio Manager. (Complaint, ¶ 3.)  According to Plaintiff, Caraway "is, and at all times mentioned in this Complaint was ... the

- 5 -

Senior Portfolio Manager at [AvalonBay] and was Plaintiff's supervisor while she was working at [AvalonBay]." (Complaint, ¶ 3.) Plaintiff also alleges that "all Defendants acted as agents of all other Defendants in committing the acts alleged herein." (Complaint, ¶ 7.)

18. Under the doctrine of managerial privilege, individual managers cannot be held personally liable for tort claims brought by other employees arising from actions taken within the course and scope of their managerial capacity. McCabe, 811 F.2d at 1339 (applying California law, Court held that plaintiff's tort claims against two individual managers failed as a matter of law because "[the managers'] actions, according to the complaint, had been in their managerial capacity ... [and] ratified by [their employer] .... [I]t is clear that 'if an agent is motivated in part by a desire to benefit his principle,' his conduct is, under California law, privileged.") (citation omitted); Sheppard v. Freeman, 67 Cal.App.4th 339, 346-47 (1998) ("Personnel actions are made for the benefit of the enterprise - the employer, and it is the employer, and not the individual employees, that must bear the risks and responsibilities attendant to these actions," and "an employee or former employee cannot sue individual employees based on their conduct, including acts or words relating to personnel actions."); Aalgaard v. Merchants Nat'l Bank, Inc., 224 Cal.App.3d 674, 684-86 (1990) (individual defendant employee's conduct was protected from liability by the manager's privilege), cert. denied, 502 U.S. 901 (1991); Becket v. Welton Becket & Assocs., 39 Cal.App.3d 815, 823-24 (1974) (claims against corporate officer dismissed on managerial immunity grounds because the officer's acts occurred within course and scope of employment); Marin v. Jacuzzi, 224 Cal.App.2d 549 (1964) (claims against another employee dismissed on managerial immunity grounds).

19. Plaintiff's allegations that Caraway subjected her to discrimination in retaliation for her complaints about the wage and hour violations and request for reasonable accommodations thereby causing Plaintiff to suffer severe emotional

1   distress even if true, are not actionable, because it occurred within the course and
2   scope of his employment.  Accordingly, Caraway's alleged conduct is protected by
3   the managerial privilege. (Complaint, ¶¶ 24, 28.)

4       **C.      The Doe Defendants**

5       20.      The presence of Doe defendants in this case has no bearing on
6   diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of
7   removal under this chapter, the citizenship of defendants sued under fictitious
8   names shall be disregarded.").

9       21.      Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and
10  unknown defendants should be disregarded for purposes of establishing removal
11  jurisdiction under 28 U.S.C. § 1332. Fristos v. Reynolds Metals Co., 615 F.2d
12  1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a
13  removal petition). Thus, the existence of Doe defendants one through twenty-five,
14  inclusive, does not deprive this Court of jurisdiction.

15      **D.      Amount In Controversy**

16      22.      The amount in controversy exceeds the sum of $75,000, exclusive of
17  interest and costs.

18      23.      Plaintiff seeks an unspecified amount of compensatory and exemplary
19  damages, economic and emotional distress damages, and costs and attorneys' fees
20  in connection with the causes of action specified in the Complaint.  The omission
21  in the Complaint of a specified amount of total damages sought by Plaintiff does
22  not deprive this Court of jurisdiction.  See White v. J.C. Penny Life Insurance
23  Company, 861 F.Supp.25, 26 (S.D. W.Va. 1994) (defendant may remove suit to a
24  federal court notwithstanding the failure of plaintiff to plead a specific dollar
25  amount in controversy; if the rules were otherwise, "any plaintiff could avoid
26  removal simply by declining … to place a specific dollar amount upon its claim.")
27  Defendant need only establish by a preponderance of the evidence that Plaintiff's
28  claims are likely to exceed the jurisdictional minimum.  Sanchez v. Monumental

Life Ins., 95 F.3d 856, 862 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."); Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). "The amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

24.     A court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. See, e.g., Bell v. Preferred Life Ass. Soc'y, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) cert. denied, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount); Haase v. Aerodynamics Inc., 2009 WL 3368519, *4 (E.D. Cal. 2009) (punitive damages may be considered in determining amount in controversy if they are recoverable as a matter of state law); Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be counted towards amount in controversy if recoverable under statute or contract).

25.     Plaintiff's alleged damages, if proven, exceed the $75,000 threshold of 28 U.S.C. § 1332(a).   Plaintiff asserts claims for retaliation, failure to prevent retaliation, discrimination on the bases of race, national origin and ancestry and disability discrimination.   (Complaint, ¶¶ 21-51.)   Plaintiff seeks damages including economic damages, special damages for emotional distress and punitive damages. (Complaint, ¶¶ 27-29, 34-36, 41-44, 49-51 and "Prayer".)   She alleges that she has sustained "substantial losses of earnings and other employment benefits" including "loss of income, loss of earning capacity, loss of job opportunity and other losses." (Complaint, ¶¶ 42, 49.)   Plaintiff claims that she

- 8 -

1  suffered, and continues to suffer, from "humiliation, emotional distress, and mental
2  and physical pain and anguish."  (Complaint, ¶¶ 28, 34, 41, 50.)  She also seeks to
3  recover attorneys' fees. (Complaint, ¶¶ 29, 36, 43, 51 and "Prayer").

4       26.  Moreover, plaintiffs alleging emotional distress as a result of an
5  adverse employment action regularly seek in excess of $75,000 in such damages.
6  See, e.g., Keiffer v. Bechtel Corp., 65 Cal.App.4th 893, 895 (1998) (upholding jury
7  award in excess of $75,000 for emotional distress damages); Satrap v. Pacific Gas
8  & Elec. Co., 42 Cal.App.4th 72, 76 (1996) (jury award in excess of $75,000 in
9  non-economic damages was upheld).  Given the claims and damages sought in
10  Plaintiff's Complaint, the amount in controversy requirement has been met and this
11  action is removable under 28 U.S.C. §§ 1332 and 1441.

12  **III.**  **VENUE**

13       27.  Plaintiff originally filed this action in the Superior Court of the State
14  of California, County of Los Angeles. The County of Los Angeles lies within the
15  jurisdiction of the United States District Court, Central District.

16       28.  Therefore, venue lies in the Central District of this Court pursuant to
17  28 U.S.C. §§ 84(c), 1441(a) and 1446(a). This Court is the United States District
18  Court for the district within which the State Court Action is pending.  Thus, venue
19  lies in this Court pursuant to 28 U.S.C. § 1441(a).

20  **IV.**  **TIMELINESS OF REMOVAL**

21       29.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)
22  because it is being filed within thirty (30) days of personal service of the Summons
23  and Complaint on Defendant on June 20, 2012, and within one (1) year of the
24  commencement of this action.

25       30.  A true and correct copy of this Notice of Removal will be promptly
26  served on Plaintiff and filed with the Clerk of the Superior Court of the State of
27  California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

28

1    **WHEREFORE**, Defendant prays that this civil action be removed from the

2    Superior Court of the State of California, County of Los Angeles, to the United

3    States District Court for the Central District of California.

4

5    DATED:  July 17, 2012                    EPSTEIN BECKER & GREEN, P.C.

6

7                                            By: _____

8                                            MICHAEL S. KUN

                                             WILLIAM O. STEIN

9                                            LISA M. WATANABE

                                             Attorneys for Defendant

10                                           AVALONBAY COMMUNITIES,

                                             INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

FIRMWEST:15936803v2

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

COPY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AVALONBAY COMMUNITIES, INC., a corporation; RANDALL
CARAWAY, an individual; and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANA CONCEPCION

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| ORIGINAL FILED |
| JUN 13 2012 |
| LOS ANGELES |
| SUPERIOR COURT |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>300 East Olive Avenue, Burbank, CA  91502 | CASE NUMBER: *(Número del Caso):* CC 058728 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, 895 Dove Street, Suite 425, Newport Beach, CA  92660

| | | | |
| --- | --- | --- | --- |
| DATE: *(Fecha)* JUN 13 2012 | JOHN A. CLARKE | Clerk, by *(Secretario)* N. LE | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Avalonbay Communities, Inc., a corporation

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 6/20/12

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT A PAGE 11

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | RESERVED FOR CLERK FILE STAMP |
|---|---|
| North Central District 300 East Olive Avenue Burbank, CA 91502 | ORIGINAL FILED JUN 13 2012 LOS ANGELES SUPERIOR COURT |
| **NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT** | CASE NUMBER: EC 0 5 8 7 2 8 |

**TO THE PLAINTIFF(S) AND/OR THEIR ATTORNEY(S) OF RECORD:**

Pursuant to California Rules of Court, Rule 3.110, all complaints shall be served and a proof of service thereof shall be filed within 60 days of the date the complaint is filed, unless the defendant makes an appearance within that 60 days. Plaintiff's failure to meet this deadline may result in sanctions.

**PLEASE TAKE NOTE** that this matter is set for an order to show cause why the plaintiff should not be sanctioned for failure to comply with the rules described above on:

| Date: AUG 28 2012 | Time: 8:30 am | Dept.: A / B |
|---|---|---|
| Address: 300 EAST OLIVE AVENUE , BURBANK, CA 91502 | | |

At such time and place, the Court may (1) impose such sanctions as are authorized by law, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) and (2) make further appropriate orders regarding the preparation of the case for trial.

**PLEASE TAKE FURTHER NOTICE** that no appearance is necessary at the hearing set forth above if there is (1) a proof of service filed and/or (2) an appearance in the action (i.e. by answer, demurrer, or motion contesting jurisdiction) by each named defendant BEFORE the date set for hearing. Plaintiff's appearance is MANDATORY, however, if any named defendants remain unserved at the date set for the hearing.

Date: _____ JUN 13 2012 _____

_Mary Thornton House_
Judge of the Superior Court
MARY THORNTON HOUSE
SUPERVISING JUDGE

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT upon each party or counsel named below:

☐   By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑   by personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|
| | |

Date: _____ JUN 13 2012 _____

John A. Clarke, Executive Officer / Clerk

By: _____
Deputy Clerk

NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT

EXHIBIT _A_ PAGE _12_

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURHOUSE ADDRESS: NORTH CENTRAL – BURBANK
300 EAST OLIVE AVENUE
BURBANK, CA 91502

PLAINTIFF:

DEFENDANT:

**ORIGINAL FILED**
**JUN 13 2012**
**LOS ANGELES SUPERIOR COURT**

## NOTICE OF CASE MANAGEMENT CONFERENCE
CASE NUMBER: EC058728

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: NOV 06 2012 | Time: 8:30 AM | A / B |

Pursuant to California Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 200 et seq.

Date: _____ JUN 13 2012

_____
Judge of the Superior Court

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF CASE MANAGEMENT CONFERENCE upon each party or counsel named below:

☐ By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party a copy of this notice upon filing of the complaint.

JUN 13 2012

Date: _____

John A. Clarke, Executive Officer / Clerk

By: _____
Deputy Clerk

CIV 132 10-03
LASC Approved

**NOTICE OF CASE MANAGEMENT CONFERENCE**
CRC rule 212
LASC Local Rule Chapter Seven

EXHIBIT A PAGE 13

# THE SUPERIOR COURT
# NORTH CENTRAL DISTRICT

CASE NO. EC 058728

## TO ATTORNEY OF RECORD

ASSIGNED TO JUDGE ☑ WILLIAM D. STEWART/☐ DONNA FIELDS GOLDSTEIN
FOR ALL PROCEEDINGS, IN DEPT. ☑ NCA / ☐ NCB
300 EAST OLIVE AVENUE, BURBANK CA 91502

Your case has been assigned to the Trial Delay Reduction Program in Los Angeles
County Superior Court. It is your responsibility as an attorney to immediately familiarize
yourself with the detailed provision of Chapter 3, Los Angeles County Superior Court
Rules. A reading of this Notice does not relieve you of these rules. The following
critical provisions are summarized for your assistance in avoiding immediate and severe
rule violations.

## APPLICATION
The Chapter 3 Rules shall apply to all civil cases filed in or transferred to the North
Central District.

## PRIORITY OVER OTHER RULES
All Court policy statements and policy manuals will be applicable, if appropriate, except
to the extent that they are inconsistent with Chapter 3 Rules or any Orders made
thereunder.

## TIME STANDARDS
Cases filed in or transferred to the North Central District will be subject to processing
under the following standards:

Complaints:              All Complaints shall be served and a proof of service
shall be filed within 60 days of filing.

Cross-Complaints:        Without leave of Court first being obtained, no cross
complaint may be filed by any party after their answer
is filed. Cross-complaint and a proof of service shall
be filed within 30 days of the filing date.

Discovery Regulation:     The Court shall regulate the timing, scope and
completion of all discovery, including discovery
pursuant to Code of Civil Procedure Section 2034
consistent with Government Code Section 8616 ET.

EXHIBIT A PAGE 14

SEC. Counsel should attempt to complete all discovery except depositions of experts by the Case Management Conference 140 days after the filing of the complaint.

Request for Trial Setting:     Will no longer be used in the North Central District.

## CASE MANAGEMENT CONFERENCE

The conference shall be held on the first available court day following 140 days after the complaint is filed. The date for conference will be assigned by the Clerk when the complaint is filed. Plaintiff shall serve notice of the conference on all parties in the case at least forty five (45) days prior to the date of said status conference.

## STATUS CONFERENCE/SETTLEMENT CONFERENCE

A status/settlement conference may be calendared at the Court's discretion. Trial attorney and parties in propria persona must appear at the status conference. Compliance with Los Angeles Superior Court Local Rule 3.9(d) is required unless expressly excused by the Court.

## SANCTIONS

The Court will impose appropriate sanctions for the failure or refusal (1) to comply with the Rule; (2) to comply with any Order made hereunder; or (3) to meet the time standards and/or deadlines established herein. Such sanctions may include: (1) dismissal of the action; (2) striking of a responsible pleading and entry of default; (3) vacating a trial date with the possible consequence of dismissal under Code of Civil Procedure, Section 583.36 or 583.420; (4) evidentiary and witness limitation restrictions or exclusions; (5) reasonable monetary sanctions, and/or (6) other reasonable sanctions as authorized by Code of Civil Procedure, Sections 128, 128.5, 177.5, 575.2, 583.430, 2016-2036, Government Code Section 68609(d), and California Rule of Court 2.30. Such sanctions may be imposed on a party and/or if appropriate, on the Counsel for such party. **Plaintiff's and defendant's Counsel are ordered to serve a copy of these Orders on all defendants and cross-defendants concurrent with service of the summons and complaint or cross complaint.**

_____
Mary Thornton House
Supervising Judge
North Central District

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
David R. Reid (SBN 267382) / Steven R. Telles (SBN 246514)
NEWPORT TRIAL GROUP
895 Dove Street, Suite 425, Newport Beach, CA 92660

TELEPHONE NO.: 949-706-6464    FAX NO.: 949-706-6469
ATTORNEY FOR *(Name):* Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles Superior Court
STREET ADDRESS: 300 East Olive Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Burbank 91502
BRANCH NAME: North Central District

CASE NAME:
Concepcion v Avalonbay

ORIGINAL FILED
FOR COURT USE ONLY
JUN 13 2012
LOS ANGELES
SUPERIOR COURT

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: EC058728 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Four
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 13, 2012
David R. Reid
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*


EXHIBIT A PAGE 16

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

---

**CIVIL CASE COVER SHEET**

EXHIBIT A PAGE 17

| SHORT TITLE: CONCEPCION v AVALONBAY, et al. | | CASE NUMBER EC058728 | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5-7  ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT *A* PAGE *18*

| SHORT TITLE: CONCEPCION v AVALONBAY, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT A PAGE 19

| SHORT TITLE: CONCEPCION v AVALONBAY, et al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☑ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4


EXHIBIT A PAG 20

| SHORT TITLE:  CONCEPCION v AVALONBAY, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:  310 San Fernando Blvd., Suite 107 |
|---|---|
| CITY:  Burbank | STATE:  CA | ZIP CODE:  91502 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Burbank___ courthouse in the ___North Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 13, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT *A* PAGE 21

COPY

1   NEWPORT TRIAL GROUP
    A Professional Corporation
2   David W. Reid, Bar No. 267382
    dreid@trialnewport.com
3   Steven R. Telles, Bar No. 246514
    stelles@trialnewport.com
4   895 Dove Street, Suite 425
    Newport Beach, CA 92660
5   Tel: (949) 706-6464
    Fax: (949) 706-6469
6
7   Attorneys for Plaintiff

ORIGINAL FILED

JUN 13 2012

LOS ANGELES
SUPERIOR COURT

8
9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF LOS ANGELES

11  DANA CONCEPCION,                          Case No.:  EC058728

12            Plaintiff,                       PLAINTIFF'S COMPLAINT FOR:
                                               (1) RETALIATION;
13            vs.                              (2) FAILURE TO PREVENT
                                               RETALIATION;
14  AVALONBAY COMMUNITIES, INC., a            (3) DISCRIMINATION ON THE BASES OF
    corporation; RANDALL CARAWAY, an          RACE, NATIONAL ORIGIN, AND
15  individual; and DOES 1-25, inclusive,     ANCESTRY;
                                               (4) DISABILITY DISCRIMINATION
16            Defendants.
                                               JURY TRIAL DEMANDED
17
18
19      Plaintiff, Dana Concepcion, alleges:

20                  I.    THE PARTIES

21      1.      Plaintiff Dana Concepcion ("Plaintiff" or "Concepcion") is, and at all times mentioned

22  in this Complaint was, a resident of Los Angeles County, California.

23      2.      Plaintiff is informed and believes, and upon such information and belief alleges, that

24  Defendant AvalonBay Communities, Inc. ("Defendant" or "AvalonBay") is a Maryland Corporation

25  that does business in California.

26      3.      Plaintiff is informed and believes, and upon such information and belief alleges, that

27  Defendant Randall Caraway ("Defendant" or "Caraway") is, and at all times mentioned in this

28  Complaint was, employed by AvalonBay as the Senior Portfolio Manager at AvalonBay Communities,

- 1 -
COMPLAINT

Inc. and was Plaintiff's supervisor while she was working at the AvalonBay Communities, Inc. located at 310 South San Fernando Blvd., Suite 107, Burbank, CA 91502.  At all times known to Plaintiff, Caraway was a resident of Los Angeles County, California.

4.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 25, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff.  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

5.     Defendant AvalonBay both directly and indirectly employed Plaintiff, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d).

6.     In addition, Defendant AvalonBay compelled, coerced, aided, and abetted discrimination, which is prohibited under California Government Code § 12940(i).

7.     Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## II.     JURISDICTION AND VENUE

8.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution.

9.     Venue is proper in this Court because a substantial portion of the events giving rise to this Complaint took place in this County.

## III.     FACTS

10.     Plaintiff Concepcion, an African-American woman, began her employment with AvalonBay as a Community Consultant on or around May of 2008.  Concepcion excelled at her job. At all times, Plaintiff performed her job duties well and was never warned or reprimanded prior to seeking a reasonable accommodation for her serious medical condition.

11.     Plaintiff was never warned that her job performance was lacking or that she needed to improve.  Instead, Concepcion was nationally and regionally recognized and awarded for her hard work and dedication to AvalonBay.  Concepcion consistently met her sales quotas and the

EXHIBIT A PAGE 23

1  performance goals set forth by AvalonBay. Despite her excellent work performance, Concepcion was

2  turned down for upper-management positions in favor of non-African-American applicants.

3  Defendants discouraged Concepcion from applying for upper-management positions.

4      12.    During Concepcion's employment, her manager, Mollee O'Connor ("O'Connor"),

5  forced Concepcion to work overtime and "off the clock" without compensation. O'Conner instructed

6  Concepcion and others to "clock out" and continue working "off the clock" in order to perform work

7  for AvalonBay. Concepcion was not compensated for that time worked.

8      13.    During Concepcion's employment, she was not provided opportunities to take rest

9  breaks and not compensated for that time. Additionally, AvalonBay has failed to pay Concepcion

10  commissions owed to her. Defendant Caraway was aware of the wage and hour violations and did not

11  take steps to ensure plaintiff was properly compensated for the unpaid time.

12      14.    During her employment, Concepcion developed some serious health conditions. On or

13  about September 26, 2011, Concepcion informed her acting manager, Jason Peterson ("Peterson") of

14  her serious health conditions (severe back pain, neck pain, and burning sensations in her feet making it

15  difficult to walk) and requested a reasonable accommodation and time off to treat her conditions.

16  Peterson reported Concepcion's request to defendant Caraway.

17      15.    Only three days after requesting reasonable accommodations for her serious health

18  conditions, Caraway began a campaign of discrimination and retaliation against Concepcion. Caraway

19  reprimanded Peterson for not being hard enough on Concepcion. Caraway threatened Peterson's job if

20  he did not resolve the "off the clock" issue Concepcion had been raising. On September 29, 2011,

21  Peterson, under Caraway's guidance, threatened Concepcion by warning her that Michelle Santos was

22  coming to the office to investigate her claims of being forced to work "off the clock" under O'Connor

23  and that people were concerned she was going to sue the company for making her and others continue

24  to work "off the clock." Peterson stated that "whatever [she] said in the past is now coming back to

25  bite [her] in the ass." Peterson indicated that her job was in jeopardy because she was voicing her

26  concerns over being forced to work "off the clock." When Concepcion inquired as to why this was

27  being brought up only three days after she requested her reasonable accommodation, Peterson

28  explained that Caraway had told him that he would be fired if he didn't "take care of the situation."

EXHIBIT A PAGE 24

16. On October 13, 2011, a mere two weeks after Concepcion requested reasonable accommodations for her serious health condition, Peterson, under Caraway's instruction, wrote her up for failing to input information correctly on a pilot program she was never properly trained on. Up until October 13, 2011, Peterson had informed Concepcion that she had been correctly using the program. On October 18, 2011, Concepcion asked Peterson why he wrote her up for failing to properly use the program she had never been trained on and Peterson simply told her that he was told he "needed to write [her] up for it." Up until October 18, 2011, Peterson had informed Concepcion on several occasions that she was doing a great job with lead management during their weekly meetings. Peterson confessed that he had expressed Concepcion's concerns to Caraway and that Caraway had threatened Peterson's job because Peterson was "not being hard enough" on Concepcion.

17. On October 19, 2011, Peterson suddenly informed Concepcion that her work schedule was being shifted. Concepcion was given a less desirable schedule only weeks after requesting a reasonable accommodation for her serious health condition. Concepcion believes and alleges that Caraway instructed Peterson to move Concepcion's schedule in a way that would force her to want to quit.

18. On October 20, 2011, Concepcion informed Peterson that she felt that she was being retaliated against for speaking out about working "off the clock" and requesting reasonable accommodations for her medical conditions. Peterson failed to address her concerns.

19. On October 21, 2011, Peterson met with Concepcion's co-workers in an attempt to seek information he could use to find an excuse to terminate Concepcion. On October 25, 2011, Peterson met with Concepcion and informed her that all of her co-workers felt as though Concepcion was intimidating and threatening them. Concepcion, again, expressed her concern that she was being retaliated against for speaking out about working "off the clock" and requesting reasonable accommodations for her medical conditions. Concepcion believes and alleges that Caraway instructed Peterson to seek information and reasons to terminate Concepcion because she was speaking out about her retaliation and discrimination.

20. On or about November 8, 2011, Concepcion sent a detailed letter describing the retaliation and discrimination to Veronica Robertazzi, the Human Resources Director. Concepcion's

EXHIBIT A PAGE 25

1  concerns were not addressed.  Concepcion went out on medical leave on January 9, 2012 is currently

2  out on medical leave.

## IV.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## RETALIATION

### (By Plaintiff as against all Defendants and Does 1-25)

7      21.    Plaintiff incorporates by this reference the allegations contained in the preceding

8  paragraphs above as if fully set forth herein.

9      22.    This action is brought pursuant to the California Fair Employment and Practices Act,

10  section 12940(h) of the Government Code, and applicable case law, which prohibit an employer from

11  discharging, discriminating, or otherwise retaliating against any person because the person has

12  opposed any practice forbidden under Government Code section 12940 et seq. and/or the

13  corresponding regulations of the California Fair Employment and Housing Commission and/or any

14  other laws. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full

15  compliance with administrative requirements and received a right-to-sue letter.  Copies of the right-to-

16  sue letters are attached and incorporated by reference as Exhibit "A".

17      23.    At all times in this complaint, Defendant AvalonBay regularly employed at least five

18  employees bringing the Defendant employer within the provisions of section 12940 et seq. of the

19  Government Code prohibiting employers or their agents from retaliating against an employee who

20  opposes practices forbidden under the Fair Employment and Housing Act.

21      24.    As more fully set forth hereinabove, Plaintiff was subjected to retaliation while

22  employed by the Defendants after she complained about wage and hour violations and requested

23  reasonable accommodations for her serious medical conditions.

24      25.    In retaliation for complaining about the wage and hour violations, and for taking or

25  requesting protected leaves and accommodations to medically care for herself, Defendants threatened

26  her termination, gave her an unfavorable shift in her work schedule, and unjustly wrote her up.

27      26.    At a minimum, Plaintiff's complaints of wage and hour violations, as well as her

28  requests for protected medical leaves and reasonable accommodations, were substantial motivating

- 5 -

COMPLAINT

EXHIBIT A PAGE 26

1 | factors in Defendants' retaliation against Plaintiff, as described above.

2 |     27.    As a direct and proximate result of Defendants' willful, knowing, and intentional
3 | retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other
4 | employment benefits.

5 |     28.    As a proximate result of Defendants' willful, knowing, and intentional retaliation,
6 | Plaintiff suffered and continues to suffer humiliation, emotional distress, and mental and physical pain
7 | and anguish, all to her damage in a sum according to proof.

8 |     29.    Defendants' retaliation of Plaintiff was done intentionally, in a malicious, oppressive
9 | manner, entitling Plaintiff to punitive damages. Plaintiff has incurred and continues to incur legal
10 | expenses and attorneys' fees in sums according to proof.

11 | **SECOND CAUSE OF ACTION**

12 | **DISCRIMINATION ON BASES OF RACE, NATIONAL ORIGIN, AND ANCESTRY**

13 | **(Government Code §§ 12900-12996)**

14 | **(By Plaintiff as against Defendant AvalonBay and Does 1 through 25)**

15 |     30.    Plaintiff incorporates by this reference the allegations contained in the preceding
16 | paragraphs above as if fully set forth herein.

17 |     31.    At all times herein mentioned, FEHA was in full force and effect and was binding on
18 | Defendant AvalonBay. These statutes require Defendant to refrain from discriminating against any
19 | employee on the basis of his or her race, national origin, or ancestry. Within the time provided by law,
20 | Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and
21 | received a right-to-sue letter. Copies of the right-to-sue letters are attached and incorporated by
22 | reference as Exhibit "A".

23 |     32.    During Plaintiff's employment with AvalonBay, Defendant, through its supervisors,
24 | managers, and directors, engaged in intentional actions that resulted in Plaintiff being treated less
25 | favorably because of her race, national origin, and ancestry. Specifically, Defendant maintained a
26 | systematic and continuous policy and goal of failing to promote employees of Plaintiff's race, national
27 | origin, and/or ancestry.

28 |

EXHIBIT A PAGE 27

33.     Defendant's willful, knowing, and intentional misconduct has been a substantial factor in causing Plaintiff to sustain and continuing to sustain substantial losses of earnings and other employment benefits.

34.     Defendant's willful, knowing, and intentional misconduct has been a substantial factor in causing Plaintiff to suffer and continuing to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof at trial.

35.     Defendant's discrimination was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

36.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT RETALIATION

### (Gov't Code § 12940(k))

**(By Plaintiff as against AvalonBay and Does 1 through 25)**

37.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

38.     This action is brought pursuant to the California Fair Employment and Practices, section 12940(k) of the Government Code and the corresponding regulations of the California Fair Employment and Housing Commission, which prohibit an employer from failing to take all reasonable steps necessary to prevent retaliation. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter. Copies of the right-to-sue letters are attached and incorporated by reference as Exhibit "A".

39.     At all times in this complaint, Defendant AvalonBay regularly employed at least five employees bringing the Defendant employer within the provisions of section 12940 et seq. of the Government Code prohibiting employers or their agents from failing to take all reasonable steps necessary to prevent harassment.

40.     AvalonBay failed to take all reasonable steps necessary to prevent retaliation in that the employer failed to comply with Department of Fair Employment and Housing laws and regulations,

EXHIBIT A PAGE 28

1  failed to offer training to prevent retaliation, failed to maintain an effective complaint procedure, failed

2  to adequately educate managers about retaliation and failed to educate managers regarding proper

3  responses to complaints.  AvalonBay also failed to take all reasonable steps to prevent retaliation by

4  not taking adequate remedial action after becoming aware of the ongoing retaliation described above.

5       41.    As a direct and proximate result of AvalonBay's unlawful conduct as alleged in this

6  complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety,

7  depression, lowered self-esteem, sleeplessness and emotional distress.

8       42.    As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered

9  and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other

10 losses.

11      43.    Because AvalonBay failed to prevent harassment in violation of the Fair Employment

12 and Housing Act, Plaintiff is entitled to recover attorneys' fees and costs in this action pursuant to

13 California Government Code section 12965(b).

14      44.    Because the acts taken toward Plaintiff were carried out by AvalonBay acting in a

15 deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage

16 Plaintiff, Plaintiff requests an assessment of punitive damages against AvalonBay in an amount

17 appropriate to punish and make an example of AvalonBay.

18                        **FOURTH CAUSE OF ACTION**

19                        **DISABILITY DISCRIMINATION**

20        **(By Plaintiff as Against All Defendants and Does 1 through 25)**

21      45.    Plaintiff incorporates by this reference the allegations contained in the preceding

22 paragraphs above as if fully set forth herein.

23      46.    At all times herein mentioned, FEHA was in full force and effect and was binding on

24 Defendant AvalonBay.  These statutes require defendant to refrain from discriminating against any

25 employee on the basis of their disability.  Within the time provided by law, Plaintiff filed a complaint

26 with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter.

27 Copies of the right-to-sue letters are attached and incorporated by reference as Exhibit "A".

28

-8-
COMPLAINT

EXHIBIT A PAGE 29

47.     Plaintiff suffered from serious medical conditions (severe back pain, neck pain, and burning sensations in her feet making it difficult to walk) which Defendants knew about or should have known about.  Plaintiff was able to form her essential job duties with reasonable accommodation. Plaintiff requested a reasonable accommodation from Defendants for her condition.

48.     Only three days after requesting her reasonable accommodation, Defendants began systematically discriminating against Plaintiff as described above.  Plaintiff believes and alleges that her medical issues were improper motivating factors for Defendants' sudden change in her treatment.

49.     Defendants' willful, knowing, and intentional misconduct has been a substantial factor in causing Plaintiff to sustain and continuing to sustain substantial losses of earnings and other employment benefits.

50.     Defendants' willful, knowing, and intentional misconduct has been a substantial factor in causing Plaintiff to suffer and continuing to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof at trial.

51.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Dana Concepcion prays for judgment against Defendants as follows:

1.     For general and special damages according to proof;

2.     For exemplary/punitive damages according to proof;

3.     For pre-judgment and post-judgment interest on all damages awarded;

4.     For reasonable attorneys' fees as allowed by statute;

5.     For costs of suit incurred; and

6.     For any and all such other and further relief that this Court may deem just and proper.

Dated: June 13, 2012                    NEWPORT TRIAL GROUP
                                        A Professional Corporation
                                        David W. Reid
                                        Steven R. Telles


                                        By: _____
                                            David W. Reid
                                            Attorneys for Plaintiff

- 9 -
COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiff demands a trial by jury on all issues so triable.

3

Dated:  June 13, 2012                          NEWPORT TRIAL GROUP
4                                                        A Professional Corporation
                                                          David W. Reid
5                                                        Steven R. Telles

6
                                                          By: _____
7                                                               David W. Reid
                                                                 Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -
COMPLAINT

# EXHIBIT A

EXHIBIT A PAGE 32

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201112R9482-00

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **CONCEPCION, DANA** | **(818)919-1110** |

ADDRESS

**311 N. ROBERTSON BLVD., #230**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **BEVERLY HILLS, CA 90211** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **AVALONBAY COMMUNITIES, INC.** | **(818)945-8250** |

ADDRESS    DFEH USE ONLY

**1350 S. SAN FERNANDO BLVD.**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **BURBANK, CA 91502** | **LOS ANGELES** | **037** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **150+** | **11/08/2011** | **00** |

THE PARTICULARS ARE:

I allege that on about or before
11/08/2011 , the following
conduct occurred:

| | | |
|---|---|---|
| ____ termination | ____ denial of employment | ____ denial of family or medical leave |
| ____ laid off | ____ denial of promotion | ____ denial of pregnancy leave |
| ____ demotion | ____ denial of transfer | ____ denial of equal pay |
| _X_ harassment | _X_ denial of accommodation | ____ denial of right to wear pants |
| ____ genetic characteristics testing | _X_ failure to prevent discrimination or retaliation | ____ denial of pregnancy accommodation |
| ____ constructive discharge (forced to quit) | _X_ retaliation | |
| ____ impermissible non-job-related inquiry | ____ other (specify) _____ | |

by    **AVALONBAY COMMUNITIES, INC.**

because of :

Name of Person      Job Title (supervisor/manager/personnel director/etc.)

| | | |
|---|---|---|
| ____ sex | ____ national origin/ancestry | _X_ disability (physical or mental) |
| ____ age | ____ marital status | ____ medical condition (cancer or |
| ____ religion | ____ sexual orientation | genetic characteristic |
| _X_ race/color | ____ association | ____ other (specify) |

_X_ retaliation for engaging in protected
activity or requesting a protected
leave or accommodation

State of what you
believe to be the
reason(s) for
discrimination

I CONSISTENTLY OUTPERFORMED THE SALES QUOTAS SET FOR ME AND RECEIVED RECOGNITION FOR MY ACCOMPLISHMENTS. I WAS DISCRIMINATED AND RETALIATED AGAINST AFTER I REQUESTED A REASONABLE ACCOMMODATION FOR MY SERIOUS MEDICAL CONDITION. I WAS ALSO HARASSED, DISCRIMINATED AGAINST, AND RETALIATED AGAINST FOR SPEAKING OUT REGARDING WAGE AND HOUR VIOLATIONS. ADDITIONALLY, I WAS DISCRIMINATED AGAINST AND PASSED OVER FOR PROMOTION AND ADVANCEMENT IN THE COMPANY BASED UPON MY RACE.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 05/30/2012

At  Beverly Hills

DATE FILED: **05/30/2012**

DFEH-300-03o (02/06)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

EXHIBIT A PAGE 33

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

May 30, 2012

RE:   E201112R9482-00
      CONCEPCION/AVALONBAY COMMUNITIES, INC.

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of
Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant
to Government Code section 12962, DFEH will not serve these documents on the
employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a
private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)

EXHIBIT _A_ PAGE 34

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

May 30, 2012

CONCEPCION, DANA
311 N. ROBERTSON BLVD., #230
BEVERLY HILLS, CA 90211

RE:   E201112R9482-00
      CONCEPCION/AVALONBAY COMMUNITIES, INC.

Dear CONCEPCION, DANA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective May 30, 2012 because
an immediate right-to-sue notice was requested. DFEH will take no further action on the
complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

EXHIBIT A PAGE 35

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

VERONICA ROBERTAZZI
HUMAN RESOURCES MANAGER
AVALONBAY COMMUNITIES, INC.
4440 VON KARMEN AVENUE, SUITE 300
NEWPORT BEACH, CA 92660

DFEH-200-43 (06/06)

EXHIBIT $A$ PAGE 36

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112R9482-01 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| CONCEPCION, DANA | (818)919-1110 |

| ADDRESS |
|---|
| 311 N. ROBERTSON BLVD., #230 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| BEVERLY HILLS,CA,90211 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| CARAWAY, RANDALL | (818)945-8250 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 1350 S. SAN FERNANDO BLVD | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| BURBANK, CA 91502 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 11/08/2011 | 01 |

THE PARTICULARS ARE:

I allege that on about or before 11/08/2011 , the following conduct occurred:

| | | |
|---|---|---|
| ____ termination | ____ denial of employment | ____ denial of family or medical leave |
| ____ laid off | ____ denial of promotion | ____ denial of pregnancy leave |
| ____ demotion | ____ denial of transfer | ____ denial of equal pay |
| _X_ harassment | _X_ denial of accommodation | ____ denial of right to wear pants |
| ____ genetic characteristics testing | _X_ failure to prevent discrimination or retaliation | ____ denial of pregnancy accommodation |
| ____ constructive discharge (forced to quit) | _X_ retaliation | |
| ____ impermissible non-job-related inquiry | ____ other (specify) _____ |

by  CARAWAY, RANDALL                                     SENIOR PORTFOLIO MANAGER

Name of Person                                          Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | | |
|---|---|---|---|
| ___ sex | ____ national origin/ancestry | _X_ disability (physical or mental) | _X_ retaliation for engaging in protected |
| ____ age | ____ marital status | ____ medical condition (cancer or | activity or requesting a protected |
| ____ religion | ____ sexual orientation | genetic characteristic | leave or accommodation |
| _X_ race/color | ____ association | ____ other (specify) | |

State of what you believe to be the reason(s) for discrimination

I CONSISTENTLY OUTPERFORMED THE SALES QUOTAS SET FOR ME AND RECEIVED RECOGNITION FOR MY ACCOMPLISHMENTS. I WAS DISCRIMINATED AND RETALIATED AGAINST AFTER I REQUESTED A REASONABLE ACCOMMODATION FOR MY SERIOUS MEDICAL CONDITION. I WAS ALSO HARASSED, DISCRIMINATED AGAINST, AND RETALIATED AGAINST FOR FOR SPEAKING OUT REGARDING WAGE AND HOUR VIOLATIONS. ADDITIONALLY, I WAS DISCRIMINATED AGAINST AND PASSED OVER FOR PROMOTION AND ADVANCEMENT IN THE COMPANY BASED UPON MY RACE.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  05/30/2012

At  Beverly Hills

DATE FILED:  05/30/2012

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

EXHIBIT A PAGE 37

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

May 30, 2012

RE:  E201112R9482-01
     <u>CONCEPCION/CARAWAY, RANDALL, AS AN INDIVIDUAL</u>

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                   EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

May 30, 2012

CONCEPCION, DANA
311 N. ROBERTSON BLVD., #230
BEVERLY HILLS, CA, 90211

RE: E201112R9482-01
CONCEPCION/CARAWAY, RANDALL, AS AN INDIVIDUAL

Dear CONCEPCION, DANA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 30, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT A PAGE 39

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

VERONICA HR
HUMAN RESOURCES MANAGER
AVALONBAY COMMUNITIES, INC.
4440 VON KARMEN AVENUE, SUITE 300
NEWPORT BEACH, CA 92660

DFEH-200-43 (06/06)

EXHIBIT A PAGE 40

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

## What Is ADR:

Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

## Mediation:

In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate

Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate

Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration:

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate

If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation:

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate

Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate

Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conferences:

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

EXHIBIT A PAGE 41

<u>LOS ANGELES SUPERIOR COURT ADR PROGRAMS</u>

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Pay Panel | The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Pro Bono Panel | The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | TELEPHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

EXHIBIT A PAGE 42

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

### STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT A PAGE 43

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**


EXHIBIT A PAGE 44

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

Page 1 of 2


EXHIBIT A PAGE 45

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ◆ Have productive discussions | ◆ Provide advice or opinions |
| ◆ Avoid or break impasses | ◆ Offer legal information |
| ◆ Defuse controversy | ◆ Make decisions for parties |
| ◆ Generate options that have potential for mutual gain | ◆ Represent or advocate for either side |
| ◆ Better understand each other's concerns and goals | ◆ Judge or evaluate anyone or anything |
| ◆ Focus on their interests rather than their positions | ◆ Conduct research |
| | ◆ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance; or at the directive of the judge assigned to the case.

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

---

## THIS IS A TWO-SIDED DOCUMENT.


EXHIBIT A PAGE 46

# EXHIBIT B

ORIGINAL FILED

JUL 17 2012

LOS ANGELES
SUPERIOR COURT

1  Michael S. Kun (State Bar No. 208684)
   William O. Stein (State Bar No. 150124)
2  Lisa M. Watanabe (State Bar No. 258182)
   EPSTEIN BECKER & GREEN, P.C.
3  1925 Century Park East, Suite 500
   Los Angeles, California 90067-2506
4  Telephone: 310.556.8861
   Facsimile: 310.553.2165
5  mkun@ebglaw.com
   wstein@ebglaw.com
6  lwatanabe@ebglaw.com

7  Attorneys for Defendant
   AVALONBAY COMMUNITIES, INC.
8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11 DANA CONCEPCION,                    CASE NO. EC 058728

12        Plaintiff,                   Complaint filed: June 13, 2012

13                                     DEFENDANT AVALONBAY
          vs.                          COMMUNITIES, INC.'S ANSWER TO
14                                     PLAINTIFF'S COMPLAINT
   AVALONBAY COMMUNITIES, INC., a
15 corporation; RANDALL CARAWAY, an
   individual; and DOES 1-25, inclusive,
16
          Defendants.
17

18

19 TO PLAINTIFF DANA CONCEPCION AND HER ATTORNEYS OF RECORD:

20        Defendant AvalonBay Communities, Inc. ("Defendant") responds to the unverified

21 Complaint ("Complaint") filed by Plaintiff Dana Concepcion ("Plaintiff") and says as follows:

22                            GENERAL DENIAL

23        Pursuant to Code of Civil Procedure § 431.30, Defendant generally denies each and every

24 allegation in the Complaint, and generally denies that Plaintiff has been injured in any of the

25 sums mentioned in the Complaint, or any sum at all, as the result of any act, omission to act

26 and/or delay in acting by Defendant.

27 ///

28 ///

FIRMWEST:15935865v2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT _B_ PAGE _47_

## AFFIRMATIVE DEFENSES

Defendant submits the following affirmative defenses to the Complaint, and each and every cause of action, claim or common count alleged therein, without assuming or undertaking any burden, or burdens of proof, not otherwise assigned to it by law:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

Plaintiff's claims fail to state facts sufficient to constitute any cause of action as to Defendant.

### SECOND AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure §§ 335, 335.1, 337, 338, 340, and any other relevant limitations period, including, but not limited to, Government Code §§ 12940, 12960 et seq., 12965.

### THIRD AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

Plaintiff has failed and neglected to use reasonable care to minimize and mitigate her alleged damages, if any.

### FOURTH AFFIRMATIVE DEFENSE
#### (Consent)

Any recovery on the Complaint, or any cause of action or purported cause of action alleged therein, is barred on the grounds that Plaintiff consented to the conduct challenged therein.

### FIFTH AFFIRMATIVE DEFENSE
#### (Business Judgment)

Defendant's actions with respect to Plaintiff were a legitimate exercise of Defendant's business judgment which Plaintiff cannot invade.

///

- 2 -

EXHIBIT B PAGE 48

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of her own conduct, actions or inaction, Plaintiff is estopped from asserting the claims set forth in the Complaint and therefore is barred, in whole or in part, from the relief sought therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by judicial estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Manager's Privilege)

Some or all of Plaintiff's claims are barred by the manager's privilege.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the waiver doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Actual or Constructive Knowledge)

Defendant lacked actual or constructive knowledge of the conduct alleged in the Complaint or of any alleged wrongdoing by any other defendant or other person.

///

- 3 -

EXHIBIT B PAGE 49

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Plaintiff as Cause)

Plaintiff is barred from claiming any injuries or damages because such injuries and damages were the sole, direct and proximate result of Plaintiff's conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust)

Some or all of Plaintiff's claims are barred because she failed to exhaust her administrative remedies under the Fair Employment and Housing Act, Government Code § 12900, et seq., which is a jurisdictional requirement to proceed with these claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

Some or all of Plaintiff's claims are barred because at all times Defendant was acting in good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Proximate Cause)

Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source consistent with the common law doctrine of offset and the doctrine prohibiting double recovery set forth under Witt v. Jackson, 57 Cal.2d 57 (1961) and its progeny.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

The Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

- 4 -

## NINETEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act and Labor Code §§ 3200 through 4627.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Privileges)

Defendant is entitled to all privileges available to it to the extent provided by the Civil Code or elsewhere.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Motivating Factor)

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in that the alleged discrimination and harassment were not motivating factors in any actions or employment decisions made concerning Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Notice)

Plaintiff's discrimination claims are barred and/or any recovery is barred or limited because Defendant did not receive notice from Plaintiff that any employee or managing agent of Defendant allegedly had engaged in any of the alleged conduct directed against or towards Plaintiff based upon her race, national origin, ancestry or alleged disability and Plaintiff unreasonably failed to complain of any unlawful conduct and/or take advantage of the preventative or corrective opportunities available and/or otherwise avoid harm.

///

EXHIBIT *B* PAGE 51

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Policies Prohibiting Discrimination and Retaliation)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant maintained policies prohibiting unlawful conduct and promoted a work environment free from discrimination and retaliation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Corrective Action)

Any recovery on Plaintiff's discrimination, retaliation or failure to prevent retaliation claims are barred because Defendant exercised reasonable care to prevent, investigate and promptly correct any alleged behavior including, but not limited to, taking immediate and appropriate corrective action reasonably calculated to end any alleged unlawful employment practices.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Prompt Response)

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in whole or in part because Defendant acted promptly and appropriately in response to Plaintiff's complaints of discrimination, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Use Internal Complaint Procedures)

Defendant has published adequate policies to prevent unlawful discrimination or other conduct within Defendant's workplace. Further, Plaintiff experienced no tangible employment loss as a result of any of the alleged acts of discrimination. Defendant's policies and procedures included internal complaint procedures which would lead to prompt remedial action in the event of a complaint of wrongdoing. Nevertheless, Plaintiff failed or refused to access said complaint procedures. As a result, Plaintiff is foreclosed from pursuing the present action.

///

///

///

EXHIBIT *B* PAGE 52

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

Although Defendant denies that it committed or has responsibility for any act that could support the recovery of damages in this lawsuit, if any, to the extent Plaintiff was discriminated against or subjected to any other alleged unlawful employment practice, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to utilize Defendant's preventative and corrective measures and reasonable use of Defendant's preventative and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. <u>Department of Health Services v. Superior Court (McGinnis)</u>, 31 Cal. 4th 1026 (2000).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiff's claims for punitive damages are barred because the Complaint fails to state facts sufficient to meet the requirements of Civil Code § 3294.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiff's claims for punitive damages are barred by the California and United States Constitutions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case, and hereby reserve the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant respectfully requests that:

1. Plaintiff takes nothing by this action;

2. Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

- 7 -

EXHIBIT _B_ PAGE _53_

1      3.     Defendant be awarded costs of suit and attorneys' fees herein; and

2      4.     For such other and further relief as the Court deems just and proper.

3

4    DATED:  July 17, 2012               EPSTEIN BECKER & GREEN, P.C.

5

6                                   By: _____

7                                       MICHAEL S. KUN
                                           WILLIAM O. STEIN

8                                            LISA M. WATANABE
                                           Attorneys for Defendant

9                                            AVALONBAY COMMUNITIES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRMWEST:15935865v2                                  DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B, PAGE 54

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067-2506.

3.  I served true and correct copies of the foregoing document described as:

4.  I served the document described above in item 3 upon the interested parties in this action at the address listed below:

> David W. Reid, Esq.                    Attorneys for Plaintiff,
> Steven R. Telles, Esq.                  DANA CONCEPCION
> 895 Dove Street, Suite 425
> Newport Beach, California 92660
> Telephone: (949) 706-6464
> Facsimile: (949) 706-6469

5.  a. ☐  **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    > (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    > (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

    c. ☐  **By overnight Federal Express delivery.** I enclosed the documents on the date shown below in an envelope or package provided by the overnight Federal Express delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight Federal Express delivery at an office or a regularly utilized drop box of the overnight Federal Express delivery carrier.

    d. ☐  **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

- 9 -

(A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐   **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached.

f. ☐   **By e-mail or electronic transmission.**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.   I served the documents by the means described in item 5 on July 17, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 7/17/12 | Ingez Rameau-Compean | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

☐   **By personal service.**  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4.  I delivered the documents on the date shown below to the persons at the addresses listed in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age.  I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*  July 17, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 10 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B PAGE 56

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

1.   At the time of service I was at least 18 years of age and **not a party to this
legal action.**

4

5

2.   My business address is 1925 Century Park East, Suite 500, Los Angeles, CA
90067-2506.

6

3.   I served true and correct copies of the foregoing document described as:

7

**NOTICE OF REMOVAL**

8

4.   I served the document described above in item 3 upon the interested parties
in this action at the address listed below:

9

10

David W. Reid, Esq.                        Attorneys for Plaintiff,
Steven R. Telles, Esq.                     DANA CONCEPCION
895 Dove Street, Suite 425
Newport Beach, California  92660
Telephone:  (949) 706-6464
Facsimile:  (949) 706-6469

11

12

13

5.   a.  ☐   **By personal service.** I personally delivered the documents on the
date shown below to the persons at the addresses listed above in item
4. (1) For a party represented by an attorney, delivery was made to
the attorney or at the attorney's office by leaving the documents in an
envelope or package clearly labeled to identify the attorney being
served with a receptionist or an individual in charge of the office.  (2)
For a party delivery was made to the party or by leaving the
documents at the party's residence between the hours of eight in the
morning and six in the evening with some person not less than 18
years of age.

14

15

16

17

18

19

b.  ☒   **By United States mail.** I enclosed the documents in a sealed
envelope or package addressed to the persons at the addresses in item
4 and *(specify one):*

20

21

(1) ☐   deposited the sealed envelope with the United States Postal
Service, with the postage fully prepaid on the date shown
below, or

22

23

(2) ☒   placed the envelope for collection and mailing on the date
shown below, following our ordinary business practices.  I am
readily familiar with this business's practice for collecting and
processing correspondence for mailing.  On the same day that
correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United
States Postal Service, in a sealed envelope with postage fully
prepaid.

24

25

26

27

I am a resident or employed in the county where the mailing occurred.
The envelope or package was placed in the mail at Los Angeles,
California.

28

FIRMWEST:15936803v2

c. ☐ **By overnight Federal Express delivery.** I enclosed the documents on the date shown below in an envelope or package provided by the overnight Federal Express delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight Federal Express delivery at an office or a regularly utilized drop box of the overnight Federal Express delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on July 18, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 7/18/12 | Ingez Rameau-Compean | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 6203 MWF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DANA CONCEPCION | AVALONBAY COMMUNITIES, INC.; RANDALL CARAWAY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| NEWPORT TRIAL GROUP<br>David W. Reid / Steven R. Telles<br>895 Dove Street, Suite 425<br>Newport Beach, CA 92660<br>Tel: (949) 706-6464 / Fax: (949) 706-6469 | EPSTEIN BECKER & GREEN, P.C.<br>Michael S. Kun / William O. Stein / Lisa M. Watanabe<br>1925 Century Park East, Suite 500<br>Los Angeles, CA 90067-2506<br>Tel: (310) 556-8861 / Fax: (310) 553-2165 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removed on jurisdictional diversity grounds (28 U.S.C. 1332 and 1441).  Retaliation, failure to prevent retaliation, discrimination based on race, national origin, ancestry and disability.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV12-6203

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 1 of 2

COPY

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | VIRGINIA and MARYLAND |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_      Date  July 17, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com